UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Case No.: _____

Robert Keller,

    Plaintiff,

v.

Harley Davidson Motor Company, Inc.,
Experian Information Solutions, Inc.,
Equifax Information Services, LLC.

    Defendants.
_____/

## COMPLAINT

### INTRODUCTION

1. This is an action brought by an individual consumer for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

### PARTIES

4. Plaintiff is a resident of the County of Pinellas, Florida.

5. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

6. Defendant Harley Davidson Motor Company Inc. (hereinafter "HD") exists and operates under the laws of the State of Florida and is a furnisher of consumer credit information to consumer reporting agencies.

7. Defendant HD is a foreign corporation with a registered agent in Florida of CT Corporation System, 1200 S. Pine Island Rd. Plantation, FL 33324.

8. Defendant Experian Information Solutions, Inc. is a limited liability company existing and operating under the laws of the State of Florida that engages in the business of maintaining and reporting consumer credit information.

9. Experian is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f) and has a registered agent in Florida of CT Corporation System, 1200 S. Pine Island Rd. Plantation, FL 33324.

10. Defendant Equifax Information Services, LLC. is a limited liability company existing and operating under the laws of the State of Florida that engages in the business of maintaining and reporting consumer credit information.

11. Equifax is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f) and has a registered agent I Florida of Corporation Service Company, 1201 Hays Street, Tallahassee FL, 32301.

**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

12. Plaintiff is a consumer who is the victim of inaccurate reporting by Defendant HD, Equifax, and Experian.

13. Equifax and Experian are two of the largest consumer reporting agencies ("CRAs") as defined by 15 U.S.C. §1681(a)(f).

14. The CRAs' primary business is the sale of consumer reports (commonly referred to as "credit reports") to third parties and consumers.

15. Equifax and Experian have a duty, under the FCRA, to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy." 15 U.S.C. §1681(e)(B).

16. On or around February 8, 2021, Plaintiff discovered the Defendant HD account (the "Account") being reported in error.

17. Defendant HD was reporting a balance due and owing on the Account which was false.

18. No balance is due and owing on the Account as the Account was cancelled by HD and a 1099-C Cancelation of Debt was issued to Plaintiff.

19. Despite cancellation of the Account, Defendant HD continued to report a balance due and owing on Plaintiff's Equifax and Experian consumer reports.

20. The false information regarding the Account appearing on Plaintiff's consumer reports harms the Plaintiff because it does not accurately depict Plaintiff's credit history and creditworthiness

## WRITTEN DISPUTE

21. On or about February 8, 2021, Plaintiff sent written dispute letters to Equifax and Experian disputing the inaccurate information regarding the Debt reporting on Plaintiff's consumer report, provided supporting documentation, and also requesting a description of the procedures used to determine the accuracy and completeness of the information Plaintiff was disputing (the "Dispute").

22. Upon information and belief, Equifax and Experian forwarded Plaintiff's Dispute to HD for reinvestigation.

23. Upon information and belief, HD received notification of Plaintiff's Dispute from Equifax and Experian.

24. HD failed to conduct a reasonable investigation, failed to contact Plaintiff or any third-parties, and failed review underlying account information with respect to the disputed information and the accuracy of the disputed information.

25. Equifax and Experian each failed to conduct an investigation, contact Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the disputed information.

26. HD failed to instruct Equifax and Experian to remove the false information reporting on Plaintiff's consumer report.

27. Equifax and Experian each employed an investigation process that was not reasonable and did not remove the false information identified in Plaintiff's Dispute.

28. Equifax and Experian each employed internal processes that were not reasonable and failed to ensure the maximum possible accuracy of the information reported on Plaintiff's consumer report.

29. At no point after receiving the Dispute did any Defendant communicate with Plaintiff to determine the veracity and extent of Plaintiff's Dispute.

## COUNT I – HD

(Fair Credit Reporting Act Violation – 15 U.S.C. § 1681s-2(b))

30. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

31. After receiving the Dispute HD failed to correct the false information regarding the fraudulent Debts reporting on Plaintiff's consumer report.

32. HD violated 15 U.S.C. § 1681s-2(b) by failing to fully and properly investigate Plaintiff's Dispute; by failing to review all relevant information regarding Plaintiff's Dispute; by failing to accurately respond to credit reporting agencies; by verifying false information; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of false representations to the consumer credit reporting agencies, among other unlawful conduct.

33. As a result of this conduct, action, and inaction of HD, Plaintiff suffered damages, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

34. The conduct, action, and inaction of HD was willful, rendering each liable to Plaintiff for punitive damages pursuant to 15 U.S.C. § 1681n.

35. In the alternative, HD was negligent entitling Plaintiff to recover damages under 15 U.S.C. § 1681o.

36. Plaintiff is entitled to recover costs and attorneys' fees from HD pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

### COUNT II –Equifax and Experian

(Fair Credit Reporting Act Violation – 15 U.S.C. § 1681e(b))

37. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

38. After receiving the Dispute, Equifax and Experian failed to correct the false information reporting on Plaintiff's consumer report.

39. Equifax and Experian each violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintained concerning Plaintiff.

40. As a result of this conduct, action and inaction of Equifax and Experian, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

41. The conduct, action, and inaction of Equifax and Experian were willful, rendering each liable to Plaintiff for punitive damages pursuant to 15 U.S.C. § 1681n.

42. In the alternative, Equifax and Experian each were negligent, and Plaintiff is entitled to recover damages under 15 U.S.C. § 1681o.

43. Plaintiff is entitled to recover costs and attorneys' fees from Equifax and Experian each pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## COUNT III – Equifax and Experian

(Fair Credit Reporting Act Violation – 15 U.S.C. § 1681i)

44. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

45. After receiving the Dispute, Equifax and Experian failed to correct the false information reporting on Plaintiff's consumer report.

46. Equifax and Experian each violated 15 U.S.C. § 1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files, and by failing to provide Plaintiff with a description of its procedures used to determine the accuracy and completeness of the disputed information.

47. As a result of this conduct, action and inaction of Equifax and Experian, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

48. The conduct, action, and inaction of Equifax and Experian was willful, rendering each liable to Plaintiff for punitive damages pursuant to 15 U.S.C. § 1681n.

49. In the alternative, Equifax and Experian each was negligent, entitling Plaintiff to recover damages under 15 U.S.C. § 1681o.

50. Plaintiff is entitled to recover costs and attorneys' fees from Equifax and Experian each pursuant to 15 U.S.C. § 1681n and/or § 1681o.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Defendants for willful noncompliance of the Fair Credit Reporting Act and seeks remedies as defined by 15 U.S.C. § 1681 and demands:

1. Trial by jury.

2. Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

3. Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for each Defendant's willful violation;

4. The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

5. Any further legal and equitable relief as the court may deem just and proper in the circumstances.

Dated: May 26, 2021

*/s/ Trescot Gear*
Gear Law, LLC
1405 W. Swann Ave.
Tampa, FL 33606

Mailing Address:
McCarthy Law, PLC
4250 North Drinkwater Blvd, Suite 320
Scottsdale, AZ  85251
Telephone: (602) 456-8900
Fax: (602) 218-4447
Attorney for Plaintiff