UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Case No.: 8:21-cv-01286-JSM-SPF

Robert Keller,

    Plaintiff,

v.

Harley Davidson Financial Services, Inc.

    Defendant.

_____/

### PLAINTIFF'S MOTION FOR DEFAULT JUDGEMENT

### INTRODUCTION

Pursuant to Fed. R. Civ. P. 55, Plaintiff hereby moves for default judgment on Plaintiff's claim against Defendant, Harley Davidson Financial Services, Inc. ("HD"). Plaintiff previously obtained an entry of default against Defendant HD. *See* Doc. 24. Plaintiff now requests a default judgment against Defendant HD based on all of the factors weighing in favor of judgment.

Plaintiff also requests an award of his attorneys' fees and costs pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o as the prevailing party in a Fair Credit Reporting Act ("FCRA") lawsuit.

Plaintiff's case is grounded on Defendant HD's violation of 15 U.S.C. § 1681 of the FCRA. The FCRA requires entities that furnish credit information to credit reporting

agencies to ensure a consumer's credit information is accurate. When a consumer's dispute is forwarded to a furnisher, the furnisher is required to investigate the dispute to ensure the veracity and accuracy of the information being reported. HD violated the FCRA when it failed to remove the false information regarding the HD account reporting on Plaintiff's consumer reports after receiving Plaintiff's disputes.

## MEMORANDUM OF POINTS AND AUTHORITIES

## PROCEDURAL INFORMATION

1. As evidenced by the proof of service on file with this Court, Defendant HD was served with Plaintiff's Complaint August 13, 2021. *See* Doc. 21.

2. The applicable time limit for HD to otherwise respond to this action, with regard to service, expired on September 3, 2021.

3. To date, HD has failed to plead or otherwise respond to Plaintiff's Complaint.

4. As of this date, no appearance of counsel has been made by HD.

5. On October 4, 2021 this Court entered a default against HD. *See* Doc. 24.

## ARGUMENT

Pursuant to 55(b)(2) of the Federal Rules of Civil Procedure, this Court has discretion to enter a default judgment in favor of Plaintiff against HD. When a default is entered under Rule 55(a), all well pleaded factual allegations contained in the complaint are admitted. *Nishimatsu Const. Co. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). When considering a motion for entry of default judgment, a court reviews the legal sufficiency of the allegations and ensures that a plausible claim for relief is stated. *See Hill v. Duscio*, 292 F. Supp. 3d 1370, 1375 (N.D. Ga. 2018). When considering entering a

default judgment, the court must also consider jurisdiction and damages and may look to evidence on the record or request a hearing to determine the sufficiency of both. *See Pitts v. Seneca Sports, Inc.*, 321 F. Supp. 2d 1353, 1357 (S.D. Ga. 2004); *See* Fed. R. Civ. P. 55(b)(2)(C).

(1) <u>Plaintiff is entitled to a default judgment</u>.

Plaintiff seeks a default judgment on his claim against Defendant HD for its violation of the Fair Credit Reporting Act. Plaintiff's Complaint establishes this Court's jurisdiction to hear this matter under 15 U.S.C. §1681p, 15 U.S.C. and 28 U.S.C. § 1331. The Complaint sets forth the statutory requirements needed to bring a claim under the FCRA while providing factual support for the allegations.

    a.  <u>Plaintiff is entitled to judgment on his FCRA claim</u>.

Plaintiff's Complaint details a valid claim against HD for its violation of the FCRA. Under 15 U.S.C. § 1681s-2(b), a consumer can pursue an action against a furnisher of credit information for failure to properly investigate a consumer's dispute, failure to accurately respond to credit reporting agencies, and failing to permanently and lawfully correct its own internal records to prevent to re-reporting of inaccurate representations made by the furnisher. Here, HD violated the FCRA when it failed to fully and properly investigate Plaintiff's disputes and verified false information concerning the HD account on Plaintiff's consumer credit reports.

Plaintiff disputed with the credit reporting agencies the HD account reporting on his consumer reports. Plaintiff pled that he received a 1099-C Cancelation of Debt from HD, and therefore, no balance should be reporting on the account. *See* Plaintiff's Complaint ¶

16-23. Plaintiff disputed the inaccuracy with Equifax and Experian. Each dispute was provided to HD, but HD maintained that the reporting of the account on Plaintiff's consumer reports was accurate. Defendant HD, by its default admits to these facts and cannot contest them.

(2) <u>The amount of money at stake</u>.

The Court must next address damages. "While well-pleaded facts in the complaint are deemed admitted . . . allegations relating to the amount of damages are not admitted by virtue of default; rather, the court must determine both the amount and character of damages." *Virgin Records Am., Inc. v. Lacey*, 510 F. Supp. 2d 588, 593 n.5 (S.D. Ala. 2007)). "Rather than merely telling the Court in summary fashion what its damages are, a plaintiff seeking default judgment must show the Court what those damages are, how they are calculated, and where they come from." (emphasis omitted) *See PNCEF, LLC v. Hendricks Bldg. Supply LLC*, 740 F. Supp. 2d 1287, 1294 (S.D. Ala. 2010).

The relief sought by Plaintiff is outlined in Plaintiff's Complaint. For Defendant's violation of the FCRA, Plaintiff seeks statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation and actual damages for Defendant's willful violation. Additionally, the FCRA allows for the award of attorneys' fees for a successful plaintiff. In the present case, if Plaintiff is the prevailing party by virtue of judgment, Plaintiff seeks to recover his attorneys' fees.

## **RELIEF REQUESTED**

Default judgment being entered against HD is appropriate because Defendant failed to defend this action. Plaintiff requests the Court award the relief requested under the

FCRA and order Defendant to remove the inaccurate information on the account reporting on Plaintiff's consumer reports. For Defendant's FCRA violation, Plaintiff seeks relief for actual damages under 15 U.S.C. § 1681n(a)(1)(A) or statutory damages of not less than $100 and not more than $1000. Court cost and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3) are also requested.

(1) <u>Plaintiff is entitled to actual damages under the FCRA</u>.

Plaintiff is entitled to actual damages under 15 U.S.C. § 1681n(a) of the FCRA for Plaintiff's mental anguish and emotional distress suffered because of Defendant's conduct. Actual damages under the FCRA may include compensation for credit denials, damage to credit reputation, embarrassment and humiliation, and emotional distress. *See Levine v. World Fin. Network Nat. Bank*, 437 F.3d 1118, 1124 (11th Cir. 2006); *Cortez v. Trans Union, LLC,* 617 F.3d 688, 719-20 (3d Cir. 2010); *Philbin v. Trans Union Corporation*, 101 F.3d 957, 962-63 (3d Cir. 1996). Despite HD forgiving the balance due on the account and issuing a 1099-C Cancellation of Debt, Defendant continued to report a negative balance for the account on Plaintiff's consumer reports and failed to remove the inaccuracy once disputed.

Since the discovery of the inaccuracy Plaintiff dealt with the stress of having a known error on his consumer report and refrained from further use of his credit. *See* Declaration of Plaintiff. Further, the inaccurate account reported on Plaintiff's credit reports from 2017, when the Cancellation of Debt was issued by HD, until August 2021 when it was corrected by the credit reporting agencies directly. During this timeframe, Plaintff's credit profile was viewed by numerous credit providers. Plaintiff's actual damages are estimated

to be $5,000, or such higher amount this Court may see fit based on Plaintiff's testimony. In the alternative Plaintiff requests statutory damages for Defendant's violation of the FCRA.

(2) <u>Plaintiff is entitled to statutory damages under the FCRA</u>.

   (a) <u>Plaintiff seeks statutory damages under 15 U.S.C. § 1681n(a)(1)(A) of the FCRA</u>.

Section 1681 of the FCRA was amended in 1996 adding that victims of willful violations could receive "any actual damages sustained by the consumer as a result of the failure or statutory damages of not less than $100 and not more than $1,000." *See* 15 U.S.C. § 1681n(a)(1)(A). Plaintiff alleges Defendant's conduct is a willful violation of the FCRA. A "reckless disregard of a requirement of the FCRA will qualify as a willful violation within the meaning of § 1681n(a)." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 71, S. Ct. 2201, 167 L. Ed. 2d 1045 (2007). "A violation is willful for the purposes of the FCRA if the defendant violates the terms of the Act with knowledge or reckless disregard for the law." *Harris v. Mexican Specialty Foods, Inc.*, 564 F.3d 1301, 1310 (11th Cir. 2009).

As a furnisher of credit information, Defendant is aware of its obligation under the FCRA and willfully violated it by failing to properly investigate Plaintiff's consumer dispute, failing to accurately respond to the credit reporting agencies, and failing to correct its own internal records to prevent the rereporting of the inaccurate information. *See* Plaintiff's Complaint ¶ 30-34. Despite the evidence provided to Defendant, Defendant made the conscious decision to disregard its obligations under the FCRA and not correct the reporting which suggest its conduct was willful. Its failure to appear and defend the

allegations made against it further suggest a willful refusal to comply with its legal obligations. Therefore, Plaintiff requests maximum statutory damages of $1,000.

(3) <u>Plaintiff is entitled to punitive damages under 15 U.S.C. § 1681n(a)(2)</u>.

In addition to statutory damages, the FCRA allows for punitive damages for willful violations. *Harris* 564 F.3d 1301, 1310. The actions of Defendant HD render it liable to Plaintiff for punitive damages under 15 U.S.C. § 1681n(a)(2). HD falsely verified to Equifax and Experian that there was a balance due on the account. Plaintiff requests punitive damages in the amount of $3,000 representing three times the maximum amount allowed for statutory damages under the FCRA. In addressing punitive damages, courts look to see if the award is both reasonable and proportionate to the amount of harm to the plaintiff and to any general damages amount. *See Peer v. Lewis*, No. 08-13465, 2009 U.S. App. LEXIS 2428, at *1 (11th Cir. 2009). Here, Plaintiff requests a modest and reasonable amount of punitive damages. The amount is proportionate to the harm suffered by Plaintiff and the requested statutory damages.

(4) <u>Plaintiff's requests for attorneys' fees and cost</u>.

Should the Court grant Plaintiff's Motion for Default Judgment, Plaintiff is permitted to petition the Court for an award of his reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3). The amount of attorney's fees and cost to award to Plaintiff is a determination for the Court. *See Id*. Plaintiff's incurred $487.00 in court cost and $2,457.50 for attorneys' fees. *See* Declaration of Michael Adams; *See* Declaration of Trescot Gear. After a decision is made by the Court, Plaintiff will file a petition for an award of his attorneys' fees and

cost consistent with Rule 54(d)(2) which will provide an itemized calculation of Plaitniff's attorneys' fees and cost that have been accrued to date.

## CONCLUSION

Plaintiff requests the Court grant the Motion for Default and enter final judgment in his favor on his claim against Defendant HD.  Each of the factors briefed above weigh in favor of granting Plaintiff's request.


Dated: December 3, 2021

            */s/ Trescot Gear*
            Gear Law, LLC
            1405 W. Swann Ave.
            Tampa, FL 33606

            Mailing Address:
            McCarthy Law, PLC
            4250 North Drinkwater Blvd, Suite 320
            Scottsdale, AZ  85251
            Telephone: (602) 456-8900
            Fax: (602) 218-4447
            Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

    I hereby certify that on December 3, 2021, I electronically transmitted the foregoing document to the Clerk's Office using the ECF system for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants of record in this matter. I further certify that a copy of the foregoing was mailed to Harley Davidson Financial Services, Inc. via US mail to the following address:

Harley Davidson Financial Services, Inc.
C/O Corporation Service Trust Company,
1209 Orange St.
Wilmington, DE 19801

                                                  /s/ Trescot Gear